EDGAR J. SALISBURY v. PERCIVAL SALISBURY, MARY A. SALISBURY, CHARLOTTE DAY AND ELLEN HARRINGTON.

*Cloud on title—Burden of proof—Conflicting testimony.*

Complainant in a bill to remove a cloud from his title by setting aside deeds made by his ancestor, but which he claims were never delivered, has the burden of proof and must make out his case by preponderance of testimony.

In a chancery cause the court, in passing on conflicting proofs, will follow the probabilities though they are contrary to the impressions of witnesses of undoubted integrity of purpose.

Appeal from Lapeer.   Submitted Oct. 10.   Decided Oct. 18.

BILL to clear title.   Defendants appeal.   Reversed; bill dismissed.

*C. P. Thomas* for complainant.

*Geer & Williams* for defendants.

CAMPBELL, J.   Complainant filed his bill of complaint, as an heir at law of Rachel M. Harger, his mother, to remove what he claims to be a cloud on his title caused by two deeds executed by his mother during her life-time, but which he insists were never made operative by delivery. The deed to Mary Salisbury, one of the defendants, is now admitted to have been well delivered, and she is out of the case.   The other deed to the remaining three defendants, was executed and acknowledged, and delivered to Charles Ballard, to be delivered to the grantees after the grantor's death; but the dispute is whether this delivery to Ballard was absolute, to take effect on her death, or contingent on her not recalling the conveyance.   Complainant claims Mrs. Harger reserved the control over it.

We do not find it necessary to consider the question whether such right to recall the deed would render the deed invalid, and therefore we do not pass upon it.   Mr. Ballard's recollection is that the deed was subject to recall. On the other hand Mary Salisbury, who was present, and in a condition to be fully informed on the subject, is positive that the delivery was not conditional.   The surrounding circumstances tend to corroborate her recollection.

It appears beyond dispute that some nine or ten months before the execution of the deed now disputed, Mrs. Harger had made a deed to Mary Salisbury and left it in Mr. Ballard's hands, to be delivered to the grantee on Mrs.

Harger's death if not previously called for. In March, 1880, Mrs. Harger, who was in her last sickness, and conscious she would probably not recover, sent for Ballard who brought the deed, and on that occasion it was delivered to take effect at her death and not be recorded until then. At the same time, and for similar reasons, the deed to the other defendants was then made and given to Ballard's custody. The avowed purpose was to prevent any trouble after her death, which might arise from a disputed will, and to cut off complainant, to whom she had, as she claimed, given all she felt was proper before.

It is not likely that under these circumstances any difference would be made as to the conditions under which the two deeds were to operate. The purpose of Mrs. Harger was fixed, and its reasons such as were not likely to allow a change. She was persuaded that death was not far off, and she retained under the arrangement control of the property itself for her life-time. It is altogether likely that Mr. Ballard may have inferred more than she said, and may have confounded the conditions first imposed concerning Mary's deed with the subsequent transaction. There is no reason to doubt his entire integrity of purpose, but in the lapse of time, and in the difference of recollection of the witnesses, we must follow the probabilities and accept the narrative that seems most likely to be correct.

The complainant assumes the burden of proof and must make out his case by a preponderance of testimony. It is not so made out in our judgment, and is on the other hand negatived by testimony of good quality, and aided by probabilities. For this reason we place our decision on the facts. Whether the case as he claims it to be would have led to any different conclusion, we need not inquire. There is no doubt whatever that all the equities are with the defendants, and that they, as the case stands, are entitled to the land.

The decree as to the appellants must be reversed, and the bill, which has already been dismissed as to Mary Salisbury, must also be dismissed as to the remaining defendants, with costs of both courts.

The other Justices concurred.